IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| SMI-OWEN STEEL CO., INC. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-00-149 |
| | § | (Consolidated with G-01-cv-627) |
| ST. PAUL FIRE & MARINE INS. CO., | § | |
| ET AL. | § | |

## OPINION AND ORDER

Before the Court is the "Motion for Reconsideration Based on Intervening Change in Controlling Law" filed by Plaintiff SMI-Owen Steel Company, Inc.; the Motion seeks reconsideration of an Order of Judge Samuel B. Kent, signed on April 29, 2003, dismissing negligent misrepresentation claims asserted by SMI in its Third Amended Complaint. The Motion is opposed by Defendant Marsh USA, Inc..

In the opinion of this Court there has been no intervening change in controlling law. In Benchmark Electronics, Inc. v. J. M. Huber Corp., 343 F.3d 719, 723 (5th Cir. 2003), the Fifth Circuit held that when "fraud and negligent misrepresentation claims are based on the same set of alleged facts" the claims have the same focus and the heightened pleading requirements of Rule 9(b) apply. SMI now posits that two more recent cases have changed this law, but this Court disagrees. In American Realty Trust, Inc. v. Hamilton Lane Advisors, Inc., 115 Fed. Appx. 662, 668 n. 30 (5th Cir. 2004), the Circuit was careful to point out that the "plaintiffs properly distinguished between their fraud and negligent misrepresentation claims and correctly argued that the Rule 9(b) requirement of particularized pleadings of fraud by its terms does not apply to negligent misrepresentation claims." In General Electric Capital Corp. v. Posey, 415 F.3d 391,

394 (5th Cir. 2005), the Circuit found that "(t)he District Court properly dispensed with the Rule 9(b) argument, concluding that GECC had not alleged any fraud claims" at all and that Rule 9(b) was, therefore, completely inapplicable. In the instant case, however, SMI based its fraud and negligent misrepresentation claims on the same alleged facts. See Plaintiff's Third Amended Complaint, ¶ 4.18    Simply pleading negligent misrepresentation in the alternative is irrelevant; in Benchmark, Plaintiff "alleged the breach of various contract provisions, fraud, and negligent misrepresentation" just like SMI did in its Third Amended Complaint. The District Court dismissed SMI's fraud and negligent misrepresentation claims after SMI could not allege these related claims with particularity after filing three complaints. That decision was in accord with Fifth Circuit authority as it existed then and as it exists now.

It is, therefore, the **ORDER** of this Court that "Plaintiff's Motion for Reconsideration Based on Intervening Change in Controlling Law" (Instrument no. 231) is **DENIED**.

It is further **ORDERED** that the Defendant's "Motion to Strike" (Instrument no. 235) is **GRANTED in part** and that all negligent misrepresentation allegations in Plaintiff's Fifth Amended Complaint are **STRICKEN**.

**DONE** at Galveston, Texas, this ____7th____ day of March, 2006.

_____
John R. Froeschner
United States Magistrate Judge